## Schaetzle *v.* Christman.

*Principal and agent—Landlord and tenant—Lease—Notice.*

In an action against a tenant to recover the value of work and labor done upon the demised premises, a judgment and verdict for the defendant will be sustained where the evidence shows that under the lease defendant was authorized to make such changes and alterations at the expense of the landlord as were in the discretion of the tenant necessary to put the premises in first-class condition, and also to make general repairs; that the defendant was constituted the architect and agent of the landlord for this purpose, and that the plaintiff had knowledge of this agency and of defendant's authority to bind the landlord for the cost of additional work and expense caused by a change by the defendant in the original contract between plaintiff and the landlord.

Argued Nov. 13, 1900. Appeal, No. 20, Oct. T., 1900, by plaintiff, from judgment of C. P. Berks Co., Aug. T., 1898, No. 114, on verdict for defendant, in case of Leo Schaetzle v. John Christman and G. Fred Mertz, trading as the Klondike Cold Storage Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for work and labor done. Before ENDLICH, J.

At the trial it appeared that John Christman leased from J. H. Shenk a building in the city of Reading.

The habendum clause of the lease was as follows:

" To have and to hold said premises unto the said lessee his heirs and assigns, from the first day of March, 1898, for the term of one year, the said lessee, his heirs or assigns, to have the option of continuing upon the same terms for an additional

period of three years then next ensuing, he, his heirs or assigns, yielding and paying for the same unto the said lessor, his heirs or assigns, the rent or sum of one thousand dollars ($1,000) per annum together with five per cent (5%) upon such additional sums as are put into the plant and premises in the way of necessary changes and repairs in order to keep and maintain the same in first-class condition and running order. The said changes and repairs to be made in the discretion of Christman who shall have the right to put the premises in first-class condition and running order and to keep the plant and machinery in such condition at the expense of the lessor, upon the conditions herein mentioned."

After the lease was executed a written agreement was entered into between plaintiff and J. H. Shenk for certain alterations in the demised premises. In this agreement John F. Christman was designated as agent and architect for the owner. During the progress of work under this contract certain changes were ordered by Christman, which necessitated additional work and labor. The suit was brought to recover for this extra work, and for certain general repairs which Christman had ordered.

The court charged in part as follows:

[In January, 1898, a contract was made for certain work and materials with Schaetzle. The contract seems to have been negotiated by Christman as agent for Shenk, and was subsequently executed by Shenk himself and Schaetzle, the plaintiff. That contract contemplated that the contract had in view, not only the precise work for which it stipulated, the price of which it fixed, but also some additional, some extra work that might be required by Christman, at his discretion, upon the premises, and presumptively, inasmuch as the contract says that the cost of any additional work thus authorized should be added to the contract price, if in excess of what the contract itself called for, or deducted from it, if worth less than what the contract called for, presumptively, whatever additional work or extra work was done upon the premises was done under that contract, and the cost of it became a part of the contract price agreed upon under that contract. That would be the presumption, the legal presumption that would arise, and in order to show that there was any other arrangement in view by the parties, it would be

necessary to show either that Christman or Christman and Mertz ordered other extra work to be done, they distinctly promised that it should be paid for by themselves, or in the absence of any testimony of that kind, for I do not remember any in this case, in the absence of any testimony of that kind, it would have to appear that what they did, and what they said, how they behaved and how they acted toward Schaetzle was such as to justify him in believing that they meant to make themselves personally liable for it, and that it was to be something apart from and outside of the contract.] [1]

[Now, you will remember, gentlemen, that this property on which this work was done and material furnished, belonged to a man by the name of Shenk, who had leased that property sometime in the year 1897 to one Christman, one of these defendants, with power in that man Christman, as Shenk's agent, to make improvements upon this property at Shenk's expense, viz: to bind Shenk for the cost of such improvements as he should see fit to make upon it with a view to putting this property in perfect and complete condition for a cold storage plant.] [2]

[Now, gentlemen, the defendants claim that the plaintiff was notified in advance by Christman that whatever was done, whatever was to be done on the premises, was to be done on the account and upon the credit of Shenk and the payments for it would be make by Shenk. Well, gentlemen, if that is the truth of the case, if Schaetzle was advised in advance that whatever expenses were to be incurred in the fixing up of this property were ordered on the account of Shenk, were ordered by Christman as agent for Shenk and were to be paid for by Shenk, and he went on and did it, then his claim is not against these defendants, but against the owner of the property, Shenk. If, however, Schaetzle was not so notified, if he was not told that the work was to be done on Shenk's account, and that the dealings between him on the one side and Christman and Mertz on the other, were such as fairly and reasonably to lead him to believe that Christman and Mertz or either of them were ordering these things to be done on their own account, and were doing it, ordering these things to be done with a view to making themselves liable for it, and that he was dealing with them on their own responsibility, and not as representing this man Shenk,

then he would have a claim against them for everything that was done in that way.

Now, gentlemen, where is the truth of the case on this question? And that is really the only question that you will have to decide, where is the truth, under all the evidence in this case, as between these conflicting contentions of these two parties.] [3]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*W. K. Stevens*, of *Stevens & Stevens*, for appellants.

*Cyrus G. Derr*, with him *Rourke & Heinly*, for appellee.

OPINION BY W. D. PORTER, J., February 14, 1901:

By written agreement, dated October 29, 1897, the defendant, Christman, leased from Dr. J. H. Shenk, the premises in the alteration and repair of which the plaintiff subsequently did the work and furnished the materials, for the recovery of the value of which he brought this action. The lease by its express terms authorized Christman, at the expense of Shenk, to make such changes and alterations as in the discretion of Christman were necessary to put the premises in first-class condition and running order. The plaintiff subsequently entered into a written agreement with Shenk for the erection, construction and completion of a cold storage room on the premises, which agreement named Christman as the architect and agent of Shenk and authorized him to make alterations in the plan of the work, and, by written orders, direct the plaintiff to make the additions or changes resulting from such alteration of the plans. The agreement provided that the value of the work added or omitted should be added to or deducted from the contract price. During the construction of the cold storage room the plans were changed by Christman in such a manner as to involve additional work and expense. The value of this additional work upon the cold storage room constitutes one of the elements of the plaintiff's claim. The contract of the plaintiff for this part of the work was with Shenk, and when the changes in the work were ordered by Christman, the plaintiff knew that

under the terms of his contract the value of the additional work was to be added to the contract price which was to be paid by Shenk. As to this part of the claim it would have been proper for the court to give binding instructions in favor of the defendants.

The work done by the plaintiff upon the premises, outside of the cold storage room, consisted of general repairs upon the premises. The lease between Shenk and Christman expressly authorized the latter to bind the former for the value of all these repairs. As to Christman's authority to make a contract binding upon Shenk there could not, under the lease, be any question. The question of fact upon which the jury was called to pass was, whether the plaintiff had been notified that the work was being done for Shenk and not for the defendants. The learned judge of the court below submitted this question to the jury in a charge which was clear and impartial. He said : " Well, gentlemen, if that is the truth of the case, if Schaetzle was advised in advance that whatever expense was to be incurred in fixing up this property were ordered on account of Shenk, were ordered by Christman as agent for Shenk, were to be paid for by Shenk, and he went on and did it, then his claim is not against these defendants, but against the owner of the property, Shenk. If, however, Schaetzle was not so notified, if he was not told that the work was to be done on Shenk's account, and if the dealings between him on the one side and Christman and Mertz on the other were such as fairly and reasonably to lead him to believe that Christman and Mertz, or either of them, were ordering these things to be done on their own account and were doing it, ordering these things to be done with a view to making themselves liable for it, and that he was dealing with them on their own responsibility and not as representing this man Shenk, then he would have a claim against them for everything that was done in that way." The jury found the facts in favor of the defendants. The admission in evidence of the lease from Shenk to Christman was proper, for it showed the authority of Christman to bind Shenk. The jury having found that the plaintiff was notified that Christman was ordering this work as the agent for Shenk, he must look to Shenk for payment.

The judgment is affirmed.